## PROSECUTION OF SALOON KEEPERS UNDER THE SUNDAY CLOSING LAW.

Common Pleas Court of Clark County.

John Jung v. The State of Ohio. *

Decided, 1907.

*Sunday Closing and Sunday Selling—First Offense and Second Offense —Section 4364-20 Construed—Criminal Law.*

Inasmuch as the unlawful sale of intoxicating liquors on Sunday, and unlawfully allowing a place where intoxicating liquors are sold to remain open on Sunday, are merely different forms of committing the same legal offense, the unlawful sale of intoxicating liquors on Sunday can be charged as a second offense, when the first conviction relied upon was for unlawfully allowing a saloon to remain open on Sunday.

*M. T. Burnham,* for plaintiff in error.

*John M. Cole,* for defendant in error.

---

* Affirmed by the Circuit Court without report, December, 1907.

KUNKLE, J.

The plaintiff in error was tried in the probate court of this county. He was charged with violating paragraph 20 of Section 4364 of the Revised Statutes of Ohio, and was convicted as for a *second offense.*

Various errors are complained of in the petition in error.

Upon the hearing of this case, counsel for plaintiff in error especially urged the fact that his client had been improperly charged, convicted and sentenced as for a *second offense;* that the former conviction of the plaintiff in error was for "unlawfully allowing his saloon to remain open on Sunday," whereas the present charge is for "unlawfully selling intoxicating liquors on Sunday."

The question presented for determination therefore is, can an "unlawful sale of intoxicating liquors on Sunday" be charged as a *second offense* when the first conviction relied upon was for "unlawfully allowing his saloon to remain open on Sunday."

Section 4364-20 of the Revised Statutes of Ohio, provides:

"That the sale of intoxicating liquors, whether distilled, malt or vinous, on the first day of the week, commonly called Sunday, except by a regular druggist on a written prescription of a regular practicing physician for medical purposes only, is hereby declared to be unlawful, and all places where such intoxicating liquors are on other days sold or exposed for sale, except regular drug stores, shall on that day be closed, and whoever makes any such sales, or allows any such place to be open or remain open on that day shall be fined in any sum not exceeding one hundred dollars and not less than twenty-five dollars for the first offense, and for each subsequent offense shall be fined not more than two hundred dollars or be imprisoned in the county jail or city prison not less than ten days and not exceeding thirty days, or both."

This section was evidently enacted by our Legislature to restrain the evils which result from trafficking in intoxicating liquors on Sunday, and this evident purpose of the Legislature should be kept in mind in attempting to construe the section in question.

The purpose of the Legislature was to keep such places actually closed as against the public on Sunday. If such places are kept actually closed, then no evils can result therefrom by persons buying liquors thereat or being therein.        . . .

The section provides, among other things, that "all places where such intoxicating liquors are on other days sold or exposed for sale, except regular drug stores, shall on that day be closed." If such places are actually closed on Sunday, then, of course, no sales can be made at such places of business.

The section does provide that it shall be an offense to make any such sales or allow any such places to be open or to remain open on Sunday, but it will be noted that the penalty is single; that is, there is but one penalty for *any violation* of the provisions of the section, whether such violation consists of selling or allowing such place to be open or remain open.

For the first offense against the act in question, whether such offense consists of selling or allowing such place to be open or remain open, the penalty is a fine of not less than $25 nor more than $100.

For each subsequent offense against this act, the penalty consists of a fine of not more than $200 or imprisonment or both.

The language of the section is, "for each subsequent offense." We think this means for each subsequent offense against the act in question, whether such offense consists of "unlawfully selling," or "unlawfully allowing such place to be open or remain open on Sunday."

The Legislature has evidently intended to provide a more severe punishment for a second violation of any of the provisions of the act in question.

If this section read, "for each subsequent offense of the same exact nature" then the contention of counsel for plaintiff in error would be justified, but in view of the language used it seems evident that the Legislature meant to notify offenders not to commit a subsequent offense against any of the provisions of the act in question.

The fact that the Legislature has joined two distinct offenses in the same act and has provided but one penalty for a first violation of any of the provisions of such act, and has further provided but one greater or more excessive penalty for "each subsequent offense," would seem to indicate that these two separate criminal acts are to be treated as one offense, in so far as the penalty is concerned.

We have not been able to find any Ohio decisions upon this question.

The principle determined in the case of *State* v. *Sawyer*, reported in the 67 Vermont Reports, at page 239, is applicable to the case at bar. The second paragraph of the syllabus of this case is as follows:

"In a prosecution under R. L. Section 3802, as amended by No. 42, Acts 1888, for keeping intoxicating liquors with intent to sell, a previous conviction for selling may be shown to enhance the penalty."

The court says:

"These are different forms of committing the same legal offense, violating the act."

In the case of *State* v. *Haynes*, reported in 36 Vermont Reports, at page 667, the court holds that:

"Where the former conviction is for the sale, the enhanced penalty is incurred by the subsequent offense of furnishing. Selling, furnishing or giving away are but different forms of committing the same legal offense in violation of the liquor act; and a conviction for violating the statute in one of these forms is available to double the penalty on a second conviction for the violation of another."

In Section 1268 of McClain on Criminal Law, it is stated that:

"A second violation means a violation of the law after conviction for a prior offense, of the same character. All the acts of illegal selling before a first conviction constitute but one offense; at any rate there must be evidence of a prior conviction before there can be conviction of a second offense. A second offense does not necessarily consist in the same form of violation of the statute, but if the statute prohibits the selling, furnishing or giving away, a conviction for selling is available to double the penalty if there is a subsequent conviction for furnishing."

In the case at bar, we think "an unlawful sale of intoxicating liquors on Sunday," and "unlawfully allowing such place to be open or remain open on Sunday" are merely different forms of committing the same legal offense against the act in question, and that the plaintiff in error was properly charged, convicted and sentenced as for a *second offense*.